FILED
CLERK
5/25/2017 9:25 am
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
JEROME HARRIS, 15001643,

                                  Plaintiff,

        -against-

NASSAU COUNTY SHERIFF'S OFFICE, SHERIFF MICHAEL
J. SPOSATO, ARMOR HEALTH CARE CENTER,

                                  Defendants.
-------------------------------------------------------------------------------X

For Online Publication Only

**ORDER**
16-CV-6298(JMA)(GRB)

**AZRACK, United States District Judge:**

On November 7, 2016, incarcerated *pro se* plaintiff Jerome Harris ("plaintiff") filed a complaint in this Court against the Nassau County Sheriff's Office (the "Sheriff's Office"), Nassau County Sheriff Michael J. Sposato ("Sheriff Sposato"), and Armor Health Care Center ("Armor" and collectively, "defendants") pursuant to 42 U.S.C. § 1983 ("Section 1983") alleging a deprivation of his constitutional rights. Accompanying the complaint is an application to proceed *in forma pauperis*. The Court grants plaintiff's request to proceed *in forma pauperis* and *sua sponte* dismisses the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b) for the reasons that follow. Plaintiff is granted leave to file an amended complaint in accordance with this Order within thirty (30) days of the date of this Order.

## I. BACKGROUND

All material allegations in the complaint are assumed to be true for the purpose of this Order. See, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (stating that, in reviewing a pro se complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true). Excerpts from the complaint are reproduced here

exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

Plaintiff's brief, handwritten complaint, submitted on the Court's Section 1983 complaint form, alleges the following, in its entirety:[2]

> On August 26, 2015 at approximately 3:00 p.m. while in the confine of Nassau County Sheriffs Dept, dorm E1G cell 10, my right hand was broken as a result of the officers tendency to close and slam the cell door repeatedly with total disregard for whether or not the inmates have safely cleared the cell door.

(Compl. ¶ IV.) Plaintiff also alleges that "[n]o medical treatment was received." (*Id*. ¶ IV.A.)

As a result, plaintiff alleges that he has suffered a "broken right hand the bone between my wrist and knuckle leading to my ring finger." (*Id*.) Plaintiff claims to suffer unnecessary pain, emotional trauma, mental anguish, anxiety, depression, and sleepless nights. (*Id*.) Plaintiff seeks to recover a monetary damages award in the amount of eleven million dollars ($11,000,000.00). (*Id*. ¶ V.)

## II.   DISCUSSION

### A.   *In Forma Pauperis* Application

Upon review of plaintiff=s declaration in support of the application to proceed *in forma pauperis*, the Court finds that plaintiff is qualified to commence this action without prepayment of the filing fee. 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's application to proceed *in forma pauperis* is granted.

---

[2] Excerpts from the complaint are reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

**B.      Standard of Review**

The Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Similarly, pursuant to the *in forma pauperis* statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(b).

*Pro se* submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that *pro se* complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a *pro se* plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft

3

v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

**C.     Section 1983**

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979); Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999). In order to state a § 1983 claim, a plaintiff must allege two essential elements. First, the conduct challenged must have been "committed by a person acting under color of state law." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id.; see also Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999).

**1.     Plaintiff has Not Alleged the Personal Involvement of Sheriff Sposato**

In order to state a plausible claim for relief under Section 1983 against an individual defendant, a plaintiff must allege the personal involvement of the defendant in the alleged constitutional deprivation. Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010); McCoy v. Goord,

4

255 F. Supp. 2d 233, 245 (S.D.N.Y. 2003) (explaining that a Section 1983 claim for damages against an individual defendant must allege specific facts to show that each defendant was directly or personally involved in the alleged violation of the Constitution or laws; "that is, that there was 'personal participation by one who ha[d] knowledge of the facts that rendered the conduct illegal.'") (quoting Provost v. City of Newburgh, 262 F.3d 146, 155 (2d Cir. 2001)).

"Personal involvement" may be established by evidence of a supervisor's direct participation in the challenged conduct or "by evidence of an official's (1) failure to take corrective action after learning of a subordinate's unlawful conduct, (2) creation of a policy or custom fostering the unlawful conduct, (3) gross negligence in supervising subordinates who commit unlawful acts, or (4) deliberate indifference to the rights of others by failing to act on information regarding the unlawful conduct of subordinates."[3]  Hayut v. State Univ. of New York, 352 F.3d 733, 753 (2d Cir. 2003).  An "individual cannot be held liable for damages under Section 1983 merely because he held a high position of authority."  Back v. Hastings on Hudson Union Free Sch. Dist., 365 F.3d 107, 127 (2d Cir. 2004).  Where a Section 1983 claim fails to allege the personal involvement of the defendant, it fails as a matter of law.  See Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. 2010).

Here, although plaintiff includes Sheriff Sposato as a defendant in the caption of the complaint, he is not again mentioned in the body of the complaint.  Thus, as is readily apparent, plaintiff has failed to state any facts in the complaint indicating that Sheriff Sposato was personally involved in any of the challenged conduct and/or inaction.  In the absence of any factual allegations concerning him, Sheriff Spostao cannot be held liable simply because of his

---

[3] The Second Circuit has yet to determine whether the Supreme Court's decision in Iqbal, 556 U.S. 662, altered the requirements for establishing supervisory liability.  See Shaw v. Prindle, --- F. App'x. ---, 2016 WL 4578630, at *1 n.2 (2d Cir. Sept. 1, 2016) (citing Grullon v. City of New Haven, 720 F.3d 133, 138 (2d Cir. 2013)).  The Court need not resolve that difficult question here because, as discussed below, plaintiff fails to plead defendant Sposato's personal involvement under any of the tests identified above.

position of authority in the prison system.  Ayers v. Coughlin, 780 F.2d 205, 210 (2d Cir. 1985) ("[P]laintiff's claim for monetary damages against these defendants requires a showing of more than linkage in the prison chain of command; the doctrine of *respondeat superior* does not apply.").  Accordingly, plaintiff has not alleged a plausible claim for relief against Sheriff Sposato and such claim is, thus, dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) (B)(ii), 1915A(b)(1).

       **2.**      **Plaintiff Has Not Alleged A Plausible Claim Against the Sheriff's Office**

"'Under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and therefore, cannot sue or be sued.'"  Gelsomino v. Medical and Psych. Dept. at Suffolk Cnty. Corr. Fac., No. 13-CV-1433, 2013 WL 2285756, *3 (E.D.N.Y. May 20, 2013) (quoting Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002)); see also Robischung-Walsh v. Nassau Cnty. Police Dep't, 699 F. Supp. 2d 563, 565 (E.D.N.Y. 2010).   Since the Sheriff's Office is an administrative arm of the County of Nassau, it lacks the capacity to be sued.  See, e.g., Pooler v. Hempstead Police Dep't, 897 F. Supp. 2d 12, n.4 (E.D.N.Y. 2012) ("As a threshold matter, the Court notes that the Nassau County Sheriff's Department is an 'administrative arm[ ]' of the municipal entity, the County of Nassau, and thus lacks the capacity to be sued as a separate entity.").  Accordingly, the claims against the Sheriff's Office are dismissed in their entirety with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).  Given plaintiff's *pro se* status and affording his complaint a liberal construction, the Court next considers whether a plausible Section 1983 is alleged if the complaint is construed as brought against the County of Nassau ("Nassau County").  For the reasons that follow, it does not.

       **3.**      **Claims as Construed Against Nassau County**

It is well-established that a municipality, such as Nassau County, may be liable under

6

Section 1983 only if the "plaintiff proves that action pursuant to official . . . policy of some nature caused a constitutional tort." Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978); see also Patterson v. Cnty. of Oneida, 375 F.3d 206, 226 (2d Cir. 2004). Thus, to impose liability on a municipality, the plaintiff must prove that a municipal policy or custom caused a deprivation of the plaintiff's rights. See Wimmer v. Suffolk Cnty. Police Dep't, 176 F.3d 125, 137 (2d Cir. 1999).

To establish the existence of a municipal policy or custom, the plaintiff must allege: (1) the existence of a formal policy officially endorsed by the municipality, (2) actions taken or decisions made by an official with final decision making authority, (3) a practice so persistent and widespread that it constitutes a custom, or (4) a failure by policymakers to properly train or supervise their subordinates, amounting to a "deliberate indifference" to the rights of those who come in contact with the municipal employees. Davis, 224 F. Supp. 2d at 478; Moray v. City of Yonkers, 924 F. Supp. 8, 12 (S.D.N.Y. 1996). "[A] single incident in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy." DeCarlo v. Fry, 141 F.3d 56, 61 (2d Cir. 1998) (internal quotation marks and citation omitted).

Here, as is readily apparent, even affording the *pro se* complaint a liberal construction, there are simply no factual allegations from which the Court may reasonably infer that the conduct or inaction of which plaintiff complains was caused by some policy or custom of Nassau County. Santos v. New York City, 847 F. Supp. 2d 573, 576 (S.D.N.Y. 2012) ("[A] plaintiff must allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists."). Accordingly, plaintiff has not alleged a plausible Section 1983 claim against Nassau County.

### 4. The Complaint Does Not Allege A Plausible Claim Against Armor

"Armor is a private company that provides medical services for inmates at the [NCCC] pursuant to a contract with the Nassau County Sheriff's Department . . . ." Whitenack v. Armor Medical, No. 13-CV-2071, 2014 WL 5502300, at *8 (E.D.N.Y. Oct. 30, 2014) (alteration in original). The Court assumes for purposes of this order that Armor was acting under color of state law in rendering medical services to plaintiff at the NCCC. See, e.g., Feder v. Sposato, 11-CV-0093, 2014 WL 1801137, at * 6 (E.D.N.Y. May 7, 2014) ("Because Armor was hired to fulfill the state's constitutional obligation to provide necessary medical care for its inmates, Armor . . . [was] 'acting under the color of state law' for purposes of Section 1983"). However, like Nassau County, Armor may be liable under Section 1983 only if "the plaintiff proves that action pursuant to official . . . policy of some nature caused a constitutional tort." Rojas v. Alexander's Dep't Store, Inc., 924 F.2d 406, 408 (2d Cir. 1990) (quoting Monell v. Dep't of Social Serv. of the City of New York, 436 U.S. 658, 691 (1978)) (internal quotation marks omitted); see also Green v. City of New York, 465 F.3d 65, 82 (2d Cir. 2006) (finding that a hospital was not vicariously liable for any constitutional torts that its employees may have committed). "Although Monell dealt with municipal employers, its rationale has been extended to private businesses." Rojas, 924 F.2d at 409; see also Bektic-Marrero v. Goldberg, 850 F. Supp. 2d 418, 432 (S.D.N.Y. 2012) (holding that Monell has been extended to private Section 1983 defendants acting under color of state law).

Here, plaintiff's sparse complaint does not include any factual allegations from which the Court may reasonably infer that the conduct of which plaintiff complains was caused by some policy or custom of Armor. See Santos, 847 F. Supp. 2d at 576 ("[A] plaintiff must allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists."). Accordingly, because plaintiff has not alleged a plausible Section 1983 claim against

8

Armor, such claim is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) (B)(ii), 1915A(b)(1).

**D.  Leave to Amend**

A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176, 183 (2d Cir. 2009) (internal quotation marks and citation omitted).  Indeed, a *pro se* plaintiff who brings a civil rights action, "should be 'fairly freely' afforded an opportunity to amend his complaint . . . ."  Boddie v. New York State Div. of Parole, No. 08-CV-911, 2009 WL 1033786, at *5 (E.D.N.Y. Apr. 17, 2009) (quoting Frazier v. Coughlin, 850 F.2d 129, 130 (2d Cir. 1988)) (internal quotation marks omitted).  Yet, while "*pro se* plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile."  Id. (citations omitted).

Here, the Court has carefully considered whether plaintiff should be granted leave to amend his complaint.  Plaintiff is afforded an opportunity to amend his complaint in accordance with this Order.  Plaintiff's amended complaint must be labeled as an "amended complaint," bear the same docket number as this Order, 16-CV-6298(JMA)(GRB), and must be filed within thirty (30) days from the date of this Order.  Plaintiff is advised that an amended complaint completely replaces the original complaint, so plaintiff must include all allegations he wishes to pursue against any defendant(s) in the amended complaint.  Further, if plaintiff does not file an amended complaint within the time allowed, all of plaintiff's claims will be dismissed with prejudice, judgment shall enter, and this case shall be closed.

### III.  CONCLUSION

For the forgoing reasons, the plaintiff's application to proceed *in forma pauperis* is granted, but plaintiff's claims are *sua sponte* dismissed for failure to allege a plausible claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b).  Plaintiff is granted leave to file an

amended complaint in accordance with this order within thirty (30) days of the date of this order. If plaintiff does not file an amended complaint within the time allowed, all of plaintiff's claims will be dismissed with prejudice, judgment shall enter, and this case shall be closed.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.   See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).


**SO ORDERED.**                          _____/s/ (JMA)_____
                                                    Joan M. Azrack
Dated:   May 25, 2017                           United States District Judge
           Central Islip, New York